IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAULETTE E. MCCLENDON                                    PLAINTIFF

       v.                       CIVIL NO. 16-2169

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Paulette E. McClendon, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 9, 2013, alleging an inability to work since January 1, 2013,[2] due to diabetes, COPD, a leaky heart valve, high blood pressure, incontinence, nerve damage in the legs, carpal tunnel, Bell's palsy, a swollen knee after standing and sleep apnea. (Doc. 12, pp. 104, 178). An administrative hearing was

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through her counsel, amended her alleged onset date to June 29, 2013. (Doc. 12, pp. 21, 42, 54).

1

held on September 22, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 12, pp. 34-102).

By written decision dated May 29, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 12, p. 23). Specifically, the ALJ found Plaintiff had the following severe impairments: diabetes mellitus with mild, chronic axonal sensory peripheral neuropathy; osteoarthritis of the hips and left knee; obesity; hypertension; angina pectoris; chronic obstructive pulmonary disease (COPD); history of bilateral ulnar nerve surgery; and history of bilateral carpal tunnel syndrome surgery. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 12, p. 24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she is limited to frequent, but not constant, reaching, handling and fingering bilaterally. Further, she must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.

(Doc. 12, p. 25). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a proof reader/data clerk. (Doc. 12, p. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 24, 2016. (Doc. 12, p. 5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

## III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred at Step-Four of the analysis; and 2) the ALJ erred in determining Plaintiff's RFC.[3]

### A. Subjective Complaints and Symptom Evaluation:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical

---

[3] The Court has re-ordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that Plaintiff indicated she was able to take care of her personal needs, prepare simple meals, perform light household cleaning, drive, shop for groceries, watch television, read, crochet and use the computer. Plaintiff also helped watch her grandchildren when they came home from school, and took care of them on at least one occasion when her daughter took Plaintiff's car. Plaintiff also reported that she was able to perform activities of daily living independently in June and December of 2014.

With respect to Plaintiff's physical impairments, the record revealed that Plaintiff is a diabetic with some blood sugar level issues. However, Plaintiff appeared to be able to manage her blood sugars with the occasional medication adjustment. Plaintiff's medical providers also instructed Plaintiff to take her medication as prescribed, as Plaintiff was noted to forget to take her insulin after meals at times. The record revealed that in October of 2014, Dr. Ahmad Al-Khatib diagnosed Plaintiff with mild, chronic, sensory diabetic peripheral polyneuropathy. Dr. Al-Khatib opined that Plaintiff would have mild limitations in standing, walking, carrying and handling objects. The ALJ gave great weight to Dr. Al-Khatib's opinion which is reflected in the RFC determination. After reviewing the record as a whole, the Court finds substantial evidence supports the ALJ's determination the Plaintiff's diabetes is severe but not disabling.

With regard to Plaintiff's alleged hypertension, osteoarthritis and pain, the ALJ found that while Plaintiff may indeed have some limitations, the evidence did not support a finding of disability. A review of the evidence reveals that Plaintiff's pain responded well to medication. Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.")(citations omitted).

With respect to Plaintiff's alleged disabling COPD, Plaintiff's medical providers recommended that Plaintiff stop smoking and despite these recommendations, Plaintiff continued to smoke throughout the relevant time period. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir.1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits). This is not a case in which the correlation between Plaintiff's smoking and Plaintiff's impairment is not readily apparent. Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008) (citations omitted). To the contrary, there is no dispute that smoking has a direct impact on Plaintiff's pulmonary impairments. Thus, the ALJ appropriately considered Plaintiff's failure to stop smoking. Id.

Regarding Plaintiff's mental functioning, the record showed Plaintiff sought very little treatment for these alleged impairments. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff does not have a disabling mental impairment.

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). Plaintiff reported on at least one occasion that she had not filled a prescription due to the lack of finances. However, despite her reported inability to afford her medication it appears that Plaintiff was able to come up with the funds to purchase cigarettes throughout the relevant time period.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**B.     ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart,

7

353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Clifford Lamar Evans, Al-Khatib, and Stephanie Frisbie, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

8

Plaintiff argues that the ALJ improperly discounted Dr. Frisbie's, August 13, 2014, Physical Medical Source Statement, opining that Plaintiff was unable to perform sedentary work. After review, the Court finds that the ALJ did not err in discounting the opinion of Dr. Frisbie. The ALJ declined to give controlling weight to Dr. Frisbie's opinion for good and well-supported reasons. See Goff v. Barnhart, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount [the treating physician's] opinion."). The ALJ also took Plaintiff's obesity into account when determining Plaintiff's RFC. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### C. Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes the performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

9

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who after listening to the ALJ's proposed hypothetical question which included the limitations addressed in the RFC determination discussed above, testified that the hypothetical individual would be able to perform Plaintiff's past relevant work. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the Court finds substantial evidence to support the ALJ's determination that during the time period in question, Plaintiff could perform her past relevant work as a proof reader/data clerk as the job is generally performed in the national economy.

**IV.　Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 21st day of August 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE